Carmela GARCIA–ZAMBRANO,
Petitioner,

v.

Alberto R. GONZALES, Attorney
General, Respondent.

No. 04–72509.

Agency No. A70–969–679.

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 1, 2005.*

Decided Aug. 4, 2005.

James R Patterson, Attorney, San Diego, CA, for Petitioner.

Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, San Francisco, CA, OIL, DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before O'SCANNLAIN, CALLAHAN, and BEA, Circuit Judges.

MEMORANDUM**

Carmela Garcia–Zambrano, a native and citizen of Guatemala, petitions for review of the decision of the Board of Immigration Appeals ("BIA") dismissing her appeal from an immigration judge's ("IJ") order denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for substantial evidence, *see Pedro–Mateo v. INS*, 224 F.3d

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1147, 1150 (9th Cir.2000), and we deny the petition for review.

The record does not compel the conclusion that the treatment Garcia–Zambrano received from men who may have been guerillas was on account of an actual or imputed political opinion. *See id.* at 1029–30. Accordingly, substantial evidence supports the BIA's determination that Garcia–Zambrano did not establish past persecution or a well-founded fear of future persecution on account of an enumerated ground. *See Cruz–Navarro v. INS*, 232 F.3d 1024, 1028 (9th Cir.2000). The record also does not compel the conclusion that Garcia–Zambrano has a well-founded fear of persecution in light of changed country conditions in Guatemala. *See Molina–Estrada v. INS*, 293 F.3d 1089, 1096 (9th Cir.2002).

Because Garcia–Zambrano failed to establish eligibility for asylum, she necessarily failed to establish eligibility for withholding of removal. *See Cruz–Navarro*, 232 F.3d at 1031.

Garcia–Zambrano also failed to establish eligibility for relief under CAT because she failed to show it was more likely than not that she would be tortured if returned to Guatemala. *See Malhi v. INS*, 336 F.3d 989, 993 (9th Cir.2003).

Garcia–Zambrano's contention that the IJ was adversarial and failed to conduct a full and fair hearing is unpersuasive because she was able to present her case, received a detailed and reasoned opinion from the IJ, and hadthe opportunity to present her arguments to the BIA. *See Platero–Cortez v. INS*, 804 F.2d 1127, 1132 (9th Cir.1986) (an IJ abandons his role as neutral factfinder during a hearing when the proceeding is "so fundamentally unfair

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

that the alien was prevented from reasonably presenting his case.").

Garcia–Zambrano's remaining contention lacks merit.

**PETITION FOR REVIEW DENIED.**